**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARK JOHNSON, CEO/DIR of JQ Solutions LLC,

                                    Plaintiff,

            v.                                          1:11-CV-1518
                                                        (MAD/DRH)

STATE FINANCIAL SOLUTIONS and/or
State Trust Solutions,
                                    Defendant.

APPEARANCES

MARK JOHNSON
Plaintiff pro se
2797 Banning Road
Cincinnati, Ohio 45239

DAVID R. HOMER
U.S. Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I. Background.

        Presently before this Court is plaintiff Mark Johnson's renewed application to proceed

in forma pauperis and a second amended complaint.  Johnson has not paid any fee relating

to this action.   Dkt Nos. 6, 7.  Johnson brings this action seeking federal jurisdiction under 28

U.S.C. § 1332 claiming diversity.  Specifically, Johnson claims fraud and a breach of contract

by the named defendant.  According to Johnson's second amended complaint, he paid a total

of $1,350 in fees towards obtaining a $25,000 business loan from defendant. Johnson

contends he never received the $25,000 loan from defendant.   Dkt. No. 7 at 2-3.

## II.  Initial Screening

The Court has reviewed Johnson's *in forma pauperis* application.  *See* Dkt. No. 2. Because Johnson sets forth sufficient economic need, the Court finds that Johnson qualifies to proceed *in forma pauperis*.  However, for the reason stated below, it is recommended that Johnson's second amended complaint be dismissed for lack of federal jurisdiction.

## III.  Discussion

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000.  A party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction's existence within a reasonable probability.  *See Pucci v. Brown*, 423 Fed. App'x 77, 77-78 (2d Cir. 2011).  It is well established that the Court may raise the question of jurisdiction *sua sponte*, and that where jurisdiction is lacking, "dismissal is mandatory."  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

Johnson's complaint seeks to invoke the Court's diversity jurisdiction.  Dkt. No. 7 at 5. Diversity jurisdiction exists only if there is diversity of citizenship between the parties **and** the matter in controversy exceeds the sum or value of $75,000.  *See* 28 U.S.C. §1332(a).  "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."  *Lupo v.*

*Human Affairs International, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994); *see also Pucci v. Brown*, 423 Fed. App'x at 78 (citing *Lupo*); *Mavrommatis v. Carey Limousine Westchester, Inc.*, No. 10-3404, 2011 WL 3903429, at *4 (2d Cir. Sep. 7, 2011) (same).

Johnson resides in the State of Ohio.  Johnson identifies the defendant as an entity having its principal place of business in New York.  It therefore appears that the parties are citizens of different states.  However, the second amended complaint is devoid of any facts which would establish that the amount in controversy exceeds the sum or value of $75,000. Accordingly, the court finds that it does not have diversity jurisdiction over this action.


## IV.  CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**RECOMMENDED** that  Johnson's second amended complaint be **DISMISSED;** and it is further

**ORDERED** that although Johnson qualifies to proceed  *in forma pauperis,*  his application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Report-Recommendation and Order on Johnson by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated:   April 10, 2012
       Albany, New York

David R. Homer
U.S. Magistrate Judge

4