**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARK JOHNSON, CEO/DIR of JQ SOLUTIONS, LLC,**

        **Plaintiff,**

      v.                                    1:11-CV-1518
                                                  (MAD/DRH)

**STATE FINANCIAL SOLUTIONS and/or State Trust Solutions,**

        **Defendants.**
_____

**APPEARANCES:**

MARK JOHNSON
2797 Banning Road
Cincinnati, Ohio 45239
*Plaintiff Pro Se*

**MAE A. D'AGOSTINO, U. S. DISTRICT JUDGE**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

On April 2, 2012, the Court received for filing a *pro se* second amended complaint and in forma pauperis application.[1] (Dkt. No. 7). In his second amended complaint, plaintiff asserts claims of fraud and breach of contract against defendant. In an Order and Report–Recommendation dated April 10, 2012, United States Magistrate Judge David R. Homer found that plaintiff's complaint was subject to dismissal for lack of federal jurisdiction.

---

[1] On December 23, 2011, plaintiff filed a *pro se* complaint and motion to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1 and 2). On January 6, 2012, the Court issued an Order denying plaintiff's application without prejudice. (Dkt. No. 3). On February 16, 2012, plaintiff filed an amended complaint but did not pay the filing fee or file an amended IFP application. (Dkt No. 5). A text order was issued directing plaintiff to pay the filing fee or submit a renewed IFP application. On April 2, 2012, plaintiff filed the renewed application and second amended complaint.

Magistrate Judge Homer also recommended denying plaintiff's IFP application as moot. (Dkt. No. 8).

Plaintiff filed specific objections to the Report-Recommendation. (Dkt. No. 9). In view of the objections and pursuant to 28 U.S.C. § 636(b)(1), this Court conducts a *de novo* review of these issues. The Court reviews the remaining portions of the Report-Recommendation for clear error or manifest injustice. *See Brown v. Peters*, 1997 WL 599355, at *2-3 (N.D.N.Y.) *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## BACKGROUND

**I.    The Second Amended Complaint**

On or about October 24, 2011, plaintiff received a business loan contract for the sum of $25,000.00 from defendant. To begin the loan process, plaintiff was directed to forward $600.00, via Western Union, to Marie Wilson in Vancouver, Canada. Defendant's representative, John Fine, told plaintiff that upon receipt of the funds, the loan process would be "turned over to the lender". However, prior to that, plaintiff was directed to remit $400.00 for "electronic clearing house charges". John Fine told plaintiff that upon receipt of those funds, the loan would be released. Plaintiff forwarded this amount to Marie Wilson in Vancouver via Western Union. Plaintiff was contacted by "another man" with a different telephone number who indicated that plaintiff was to call his "855" number and release $350.00 in broker's fees to "close the deal and receive the check". Plaintiff remitted the $350.00. Plaintiff attempted to telephone the broker but was unable to reach him at the telephone number provided. Plaintiff called John Fine and was told that the broker's fee was sent to the wrong department and asked plaintiff to forward another

2

"350 to Canada". Plaintiff alleges that he has lost a total of $1,350.00 to defendant thru "hidden fees and misdirection" and further, plaintiff claims he never received the $25,000.00 loan.

Plaintiff alleges causes of action for breach of contract, theft by deception and misrepresentation. Plaintiff also asserts a cause of action based upon 18 U.S.C. § 1030 asserting violations of the Computer Fraud and Abuse Act ("CFAA").[2] Plaintiff alleges that due to defendant's actions, he was unable to service contracts and suffered a "loss of reputation in the import/export business". Plaintiff claims a loss of $24,000,000.00.

## II.    Report-Recommendation

On April 10, 2012, Magistrate Judge Homer recommended that the Court dismiss plaintiff's second amended complaint for lack of jurisdiction. Judge Homer concluded, ". . . the second amended complaint is devoid of any facts which would establish that the amount of controversy exceeds the sum or value of $75,000."[3] (Dkt. No. 8, p. 3).

## III.    Objections

Plaintiff argues that Judge Homer erred in recommending dismissal because the action satisfies the requirements of 28 U.S.C. §§ 1331 and 1332. Plaintiff alleges that , "the sum demanded is 24 million dollars, not 25,0000 usd".

---

[2] Under the CFAA, an individual commits computer fraud when she:

(A) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
(B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
(C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

*Fink v. Time Warner Cable*, 810 F.Supp.2d 633, 640 (S.D.N.Y. 2011) (citing 18 U.S.C. § 1030(a)(5)).

[3] The Court noted that plaintiff and defendant were "citizens of different states".

## DISCUSSION

A district court has subject matter jurisdiction based on diversity of citizenship if the suit is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is determined from the face of the complaint unless defendant can show that the amount was determined in bad faith. *S. Point, Inc. v. Krawczyk*, 2008 WL 434590, at *5-6 (W.D.N.Y. 2008) (citation omitted).

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1069-1071 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). "It is well settled that the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id*. (collecting cases). "[B]efore determining that the amount in controversy requirement has not been met, the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Id*. (internal quotation marks omitted).

The Second Circuit has held:

> A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy. To overcome the face of the complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold. Our cases have set a high bar for overcoming this

4

>presumption. The legal impossibility of recovery must be so certain as
>virtually to negative the plaintiff's good faith in asserting the claim.

*Scherer v. The Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir.2003) (internal citations and quotation marks omitted).

In this matter, at this juncture, the Court cannot say to a legal certainty that plaintiff will not be able to achieve the recovery demanded in the complaint, and thus the Court cannot sua sponte dismiss a plaintiff's claim against for lack of subject matter jurisdiction. *Brown v. New York State Supreme Court for Second Judicial Dist.*, 2009 WL 1065892, at *2 (E.D.N.Y. 2009) (citing *Pisani v. Diener*, 2009 WL 749893, at *4 (E.D.N.Y. 2009) (noting that the plaintiff's good faith demand for recovery on the face of the complaint determines whether the plaintiff can meet the amount-in-controversy requirement in the absence of a challenge by the defendant)).  At this preliminary stage, all that plaintiff needs to demonstrate, is a "reasonable probability" that his claim is for an amount in excess of the $75,000 jurisdictional threshold. *Hall v. Chase Home Fin.*, 2010 WL 2039087, at *2 (E.D.N.Y. 2010) (citing *Chase Manhattan Bank*, 93 F.3d at 1070). While plaintiff's monetary claim for recovery is excessive, without a challenge by defendant, the Court cannot state that plaintiff has not made a "good faith" demand for recovery that will not exceed $75,000.00.

## CONCLUSION

**It is hereby**

**ORDERED,** that the Report and Recommendation by United States Magistrate Judge David R. Homer (Dkt. No. 8) is rejected for the reasons set forth herein; and it is further

**ORDERED,** that plaintiff is granted leave to proceed in forma pauperis[4]; and it is further

---

[4] Plaintiff should note that although the application to proceed in forma pauperis has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees

5

**ORDERED,** that upon receipt from plaintiff of the documents required for service the Clerk shall issue a summons, and forward it together with a copy of the complaint, to the United States Marshal for service on defendant without the payment of fees; and it is further

**ORDERED**, that a formal response to the Complaint be filed by the Defendants as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the Defendants; and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys is to be returned, without processing, by the Clerk</u>**. Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order and General Order 25 on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  May 14, 2012
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge