**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MARK JOHNSON, CEO/Dir. of JQ Solutions LLC,

                        Plaintiff,

    v.                                                  No. 11-CV-1518
                                                                   (MAD/CFH)

STATE FINANCIAL SOLUTIONS and/or State Trust Solutions,

                        Defendant.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**

On December 23, 2011 Johnson filed a complaint, as well as a motion to proceed in forma pauperis ("IFP"). Dkt. Nos. 1-2. On January 6, 2012, the Court granted Johnson's motion to proceed IFP. Dkt. No. 3. On February 16, 2012 Johnson filed an amended complaint. Dkt. No. 5. A second amended complaint was filed on April 2, 2012. Dkt. No. 7.

Pursuant to a Memorandum-Decision and Order dated May 14, 2012, Johnson's IFP status was continued and the Court instructed Johnson serve his complaint upon the defendant. Dkt. No. 10. On May 15, 2012 a summons was issued as to defendant and forwarded for service by the United States Marshall. Dkt. No. 11. On May 25, 2012 the United States Marshall's Office filed a process receipt and return regarding the unexecuted service upon defendant. Dkt. No. 13.

On July 17, 2012 plaintiff filed a third amended complaint. Dkt. No. 17. On July 20, 2012 a summons and a copy of the Third Amended Complaint were forwarded to the United States Marshall for service. See Dkt. Sheet Entry dated 7/20/2012. On September 5, 2013

the summons was again returned unexecuted by the United States Marshall's Service as to defendant. Dkt. No. 23.

On February 25, 2013, the undersigned issued an order instructing Johnson to provide the Court with an address for service of process for the defendant on or before April 1, 2013. Dkt. No. 24. The Court also warned that failure to supply an address would result in dismissal pursuant to FED. R. CIV. P. 4(m). Id. Plaintiff pro se has not provided the Court with a further address for service on defendant.

Pursuant to the Federal Rules of Civil Procedure, service of process upon defendants was not completed within the 120 days allowed by Rule 4(m) and the complaint should be dismissed without prejudice for that reason. FED. R. CIV. P. 4(m); see also N.D.N.Y.L.R. 4.1(b) (outlining service rules in the Northern District of New York). In addition, it is noted that Local Rule 41.2(a) of this district provides that the failure of a plaintiff to take any action in a case for four (4) months shall be presumptive evidence of lack of prosecution. N.D.N.Y.L.R. 41.2(a); see also FED. R. CIV. P. 41(b) (actions may be dismissed for failure of plaintiff to prosecute). As Johnson has not had any contact with the Court since the filing of his third amended complaint, in July of 2012, the Local Rules also compel dismissal. In view of the foregoing it is hereby,

**RECOMMENDED** that if this action be dismissed for failure to complete service of process upon the defendant; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

Dated: April 4, 2013
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge