**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARK JOHNSON, CEO/DIR of**
**JQ Solutions LLC**

                              **Plaintiff,**

   vs.                                              1:11-cv-01518
                                                            (MAD/CFH)

**STATE FINANCIAL SOLUTIONS,**
**and/or State Trust Solutions**

                              **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**MARK JOHNSON**
2797 Banning Road
Cincinnati, Ohio 45239
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On December 23, 2011, Plaintiff commenced this action and sought leave to proceed *in forma pauperis*. *See* Dkt. No. 1. On January 6, 2012, the Court granted Plaintiff's motion to proceed *in forma pauperis*. *See* Dkt. No. 3. On February 16, 2012, April 2, 2012, and July 17, 2012, Plaintiff amended his complaint. *See* Dkt. Nos. 5, 7.

On July 20, 2012, a summons and a copy of the third amended complaint were forwarded to the United States Marshal for service. On September 5, 2013, the summons was returned unexecuted by the United States Marshal's Service as to Defendant. *See* Dkt. No. 23. On February 25, 2013, Magistrate Judge Hummel issued an order instructing Plaintiff to provide the Court with an address for service of process for Defendant on or before April 1, 2013. *See* Dkt. No. 24. Magistrate Judge Hummel also warned Plaintiff that failure to supply an address would

result in dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See id.* Plaintiff failed to comply with Magistrate Judge Hummel's order.

In a Report-Recommendation and Order dated April 4, 2013, Magistrate Judge Hummel recommended that the Court dismiss this action pursuant to Rule 4(m) because service of process was not completed within 120 days. *See* Dkt. No. 25 at 2. Further, Magistrate Judge Hummel recommended that the Court find that dismissal is appropriate pursuant to Local Rule 41.2, which provides that the failure of a plaintiff to take any action in a case for four (4) months shall be presumptive evidence of lack of prosecution. *See id.* Plaintiff has not objected to Magistrate Judge Hummel's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice

2

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the Court finds that he correctly recommended that this action should be dismissed for Plaintiff's to complete service of process upon Defendant and for his failure to take any action in this matter for four (4) months. *See* Fed. R. Civ. P. 4(m); L.R. N.D.N.Y. 41.2.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein**;** and the Court further

**ORDERS** that this action is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: May 22, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

3